STATE v. WHITE

[93 N.C. App. 773 (1989)]

———————

STATE OF NORTH CAROLINA, APPELLEE v. OSBORNE WHITE, A/K/A ARGO COOKE, APPELLANT

No. 8812SC1003

(Filed 16 May 1989)

**Arrest and Bail § 11.4— surety's location of defendant — no extraordinary cause shown**

 The trial court did not err in failing to find "extraordinary cause" for the remission of a judgment of forfeiture of an ap-

pearance bond where the evidence tended to show that petitioner surety obtained information as to defendant's whereabouts and informed officers who then arrested defendant. N.C.G.S. § 15A-544(h).

APPEAL by petitioner from *Herring, Judge.* Order entered 9 September 1988 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 8 May 1989.

This is an appeal from an order entered pursuant to G.S. 15A-544 denying petitioner's request to strike an order of forfeiture and to enter a judgment of remission. The record reveals the following: Defendant, Osborne White, was indicted for possession with intent to sell and distribute cocaine and for the sale and delivery of cocaine. On 15 January 1987, petitioner, acting as surety, posted a secured appearance bond in the amount of $4,800.00. Defendant failed to appear in court on 7 May 1987, his scheduled court date. An order for defendant's arrest was issued on that date, and an Order of Forfeiture was entered. Petitioner, having learned of defendant's failure to appear, obtained information as to defendant's whereabouts. Thereafter, petitioner informed Officer Ed Clark of the Fayetteville Police Department of defendant's location. Officer Clark, using the information provided by petitioner, was able to locate and arrest defendant. On 25 February 1988, petitioner filed a petition praying the court to enter an order striking the Order of Forfeiture and to enter a judgment of remission. At the hearing on the petition, the trial court found as facts, *inter alia,* "[t]hat the surety, Oscar Brady, exercised some effort though not dramatic effort in assisting Officer Clark in locating and arresting the defendant and that on June 11, 1987, the defendant pled guilty to a negotiated plea of sale of cocaine and was sentenced to a term of imprisonment." The court also found that petitioner made no showing of unusual expense in the apprehension of defendant and that petitioner was not compensated for posting the bond but did so as a friend of defendant's mother. The court further found "[t]hat the surety does not appear to be a well-educated person but did acknowledge that he knew the defendant went by two different names when he (surety) undertook the bond." Thereafter, the court concluded as a matter of law that petitioner failed to show extraordinary cause as required by G.S. 15A-544(h) and denied petitioner's request to strike the Order of Forfeiture and to enter a judgment of remission. Petitioner appealed.

*Harris, Sweeny & Mitchell, by Ronnie M. Mitchell, for petitioner, appellant.*

*Maynette Regan for appellee, Cumberland County Board of Education.*

HEDRICK, Chief Judge.

Petitioner, by his first assignment of error, argues the trial court erred in denying his application for remission. Petitioner asserts that he has shown "extraordinary cause" under G.S. 15A-544(h); therefore, "it was incumbent upon the lower court to order remission of the bond. . . ."

G.S. 15A-544(h) states in pertinent part that "[f]or extraordinary cause shown, the court which has entered judgment upon a forfeiture of a bond may, after execution, remit the judgment in whole or in part and order the clerk to refund such amounts as the court considers appropriate." This statute authorizes the trial court to exercise its discretion to remit a judgment of forfeiture, in whole or in part, only upon a showing of "extraordinary cause." *State v. Vikre*, 86 N.C. App. 196, 356 S.E. 2d 802, *disc. rev. denied*, 320 N.C. 637, 360 S.E. 2d 103 (1987). This Court in *Vikre* presumed that since "extraordinary cause" was not defined by the statute, the legislature intended the words to be given their usual meaning. *See Transportation Service v. County of Robeson*, 283 N.C. 494, 196 S.E. 2d 770 (1973). Webster's Third New International Dictionary (1968) defines "extraordinary" as "going beyond what is usual, regular, common, or customary . . . of, relating to, or having the nature of an occurrence or risk or a kind other than what ordinary experience or prudence would foresee." From the evidence disclosed by the record, we cannot say that the trial court erred in not finding "extraordinary cause" in this case. This assignment of error is without merit.

Petitioner next argues that some of the trial court's findings are not supported by the evidence, and the findings do not support the conclusions and the order entered. Petitioner argues that the findings are insufficient to show an "absence of extraordinary cause" and that the findings reveal that the trial court improperly considered G.S. 15A-544(e) in its determination, as evidenced by Finding of Fact No. 8 which states "[t]hat more than 90 days has passed since entry of the judgment of forfeiture against the surety."

G.S. 1A-1, Rule 52(a)(1) states:

In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment.

This Court in *State v. Rakina and State v. Zofira*, 49 N.C. App. 537, 540-541, 272 S.E. 2d 3, 5 (1980), *disc. rev. denied*, 302 N.C. 221, 277 S.E. 2d 70 (1981) stated:

Appellant argues for more specificity than is required. Under Rule 52(a), N.C. Rules Civ. Proc., the court need only make brief, definite, pertinent findings and conclusions upon the contested matters. A finding of such essential facts as lay a basis for the decision is sufficient. [Citations omitted.]

While we recognize that some of the findings and conclusions made by the trial judge refer to G.S. 15A-544(e), it is clear from the order that he based his decision correctly on G.S. 15A-544(h).

In reviewing the evidence disclosed by the record, we cannot hold the trial judge abused his discretion in not granting the relief sought. The evidence clearly supports the findings, and the findings support the conclusions and the order signed. This argument, like the other, is meritless. The order of the trial court will be affirmed.

Affirmed.

Judges ARNOLD and WELLS concur.